UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT DAYTON

| | |
|---|---|
| **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST,** *et al.* | CASE NO. 3:13-CV-00283 |
| Plaintiffs, | DISTRICT JUDGE WALTER H. RICE |
| v. | **ORDER** |
| **G.M.A.B. LLC,** *et al.* | |
| Defendants. | |

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

This action came before the Court on Plaintiffs Iron Workers District Council of Southern Ohio & Vicinity Benefit, Pension, and Annuity Trusts' ("Trusts") Motion for Default Judgment against the Defendants G.M.A.B. LLC, American Builders-Steel Erectors, American Builders Holding Co. LLC, American Builders Design and Fabrication LLC, American Builders Union Steel Erectors LLC, American Builders General Contractors LLC, American Builders Professional Painting Service LLC, A B Roofing Outlet LLC (collectively "Defendant Corporations"), Colin M. Garrett, and Gary Maurer (hereinafter, the Defendant Corporations, Garrett and Maurer are collectively "Defendants"). This Court now grants the Plaintiffs' Motion for Default Judgment in its entirety.

## I.      BACKGROUND FACTS

The Trusts are three employee benefit plans. ECF #1, Complaint, 1. The Trusts entered into agreements with the Defendant Corporations that required them to make contributions as stipulated in the agreements to the Trusts. *Id.,* at 6-8. The Trusts' allegations, which have now

been adopted by the Court by virtue of the entry of default, are that the Defendant Corporations are alter egos and are thus jointly and severally liable to the Trusts for all delinquent fringe benefit contributions, interest, liquidated damages, costs, and reasonable attorneys' fees pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Further, Maurer and Garrett are also jointly and severally liable, together with the Defendant Corporations, for all amounts that the Defendant Corporations owe to the Trusts for their violations of ERISA.

## II.    PROCEDURAL HISTORY

On August 23, 2013, Plaintiffs filed the instant action against the Defendants. ECF #1, Complaint. The summonses to the Defendants were issued on August 27, 2013. ECF # 3, Issuance. On August 31, 2013, service was executed on Defendants American Builders-Steel Erectors and Colin M. Garrett. ECF # 4, 11, Summonses. Defendants had 21 days after service was executed to answer the Complaint pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, meaning their Answer was due September 23, 2013. On September 3, 2013, service was executed on Defendants American Builders Holding Co. LLC, American Builders Design and Fabrication LLC, American Builders Union Steel Erectors LLC, American Builders General Contractors LLC, American Builders Professional Painting Service LLC, and A B Roofing Outlet LLC, meaning their answer was due September 24, 2013. ECF #5-10, Summones. On September 7, Defendants G.M.A.B. LLC and Gary Maurer were served, meaning their answer was due on September 28, 2013. ECF #12-13, Summonses. As of October 17, 2013, no answer, motion, or responsive pleading was filed. ECF #15, Aff. of Joseph C. Hoffman, Jr., ¶ 6. As none of the Defendants answered or otherwise defended against the Trusts' Complaint, the Trusts applied for an entry of default on October 17, 2013. ECF #14, Application. The Clerk made an

entry of default against the Defendants on October 18, 2013. ECF #16, Entry of Default. As of this date, no answer, motion, or responsive pleading has been filed. *See* Dkt.

### III.   ANALYSIS

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default. *See Fed. R. Civ. P.* 55(a). Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true. *See Stooksbury v. Ross*, Case No. 12–5739, 2013 WL 2665596, \*3 (6th Cir. June 13, 2013) (treating the factual allegations of a complaint on liability as true because defendant produced no timely responsive pleading). However, those allegations relating to the amount of damages suffered are ordinarily not accepted as true unless the amount claimed is capable of ascertainment from definite figures contained in detailed affidavits. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

None of the Defendants filed an answer or responded to the entry of default. This failure to act makes clear that none of the Defendants have any intention of defending the current action. Therefore, default judgment and damages on the default judgment are warranted.

The Trusts provided a sworn affidavit from an employee, Peggy Gotthardt, who is responsible for monitoring employer contributions to the Trusts. Gotthardt indicated that the Defendant Corporations owe the Trusts a total of $243,045.76 in known delinquent contributions, interest, liquidated damages. Additionally, she states that the Trusts have paid or owe $4,450.00 in attorneys' fees and costs, which the Trusts incurred in this litigation.

3

The Court concludes that the specific monetary damages claimed are sums certain supported by an affidavit and therefore a hearing on damages is not required. The Court adopts as its own finding the sum certain of the monetary damages evidenced by Gotthardt's affidavit.

## IV.  CONCLUSION

Accordingly, based on the foregoing, Plaintiffs' motion for default judgment and damages is **GRANTED** as follows:

**AS AGAINST G.M.A.B. LLC, AMERICAN BUILDERS-STEEL ERECTORS, AMERICAN BUILDERS HOLDING CO. LLC, AMERICAN BUILDERS DESIGN AND FABRICATION LLC, AMERICAN BUILDERS UNION STEEL ERECTORS LLC, AMERICAN BUILDERS GENERAL CONTRACTORS LLC, AMERICAN BUILDERS PROFESSIONAL PAINTING SERVICE LLC, A B ROOFING OUTLET LLC:**

1. Judgment against the Defendant Corporations and in the Trusts' favor for **$243,045.76** in delinquent contributions, interest, and liquidated damages in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

2. Judgment against the Defendant Corporations and in the Trusts' favor for the Trusts' for $4,050.00 in attorneys' fees and $400.00 in other costs of this action pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D) for a total of **$4,450.00**.

3. A permanent injunction is hereby issued against the Defendant Corporations pursuant to Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E), prohibiting future violations of Section 515 of ERISA, 29 U.S.C. § 1145 with respect to the Trusts.

4. A declaratory order is hereby issued from this Court requiring the Defendant Corporations to timely submit all missing contribution reports, and to timely submit all such reports in the future.

5. Judgment against the Defendant Corporations is hereby entered for all unpaid contributions, interest, and liquidated damages owed for work hours performed and not reported, to the extent that such hours have been worked and unpaid.

6. A declaratory order is hereby issued requiring the Defendant Corporations to comply with the Trusts' auditor's request to examine and review the documents necessary to complete a payroll audit, should the Trusts determine that such an accounting is necessary.

7. A declaratory order is hereby issued directing disgorgement of all ill-gotten gains by the Defendant Corporations, including employer contributions that have been wrongfully withheld from the Funds.

8. A declaratory order from this Court is hereby issued finding that the Defendant Corporations are alter egos of one another and are jointly and severally liable to the Plaintiffs for all damages owed hereunder.

9. The Trusts are awarded post-judgment interest on all amounts awarded hereunder pursuant to 28 U.S.C. § 1961.

10. This Court shall retain jurisdiction over this Case action pending the Defendant Corporations' compliance with its orders.

**AS TO DEFENDANTS GARY MAURER AND COLIN M. GARRETT**

11. A declaratory order is hereby issued finding that Maurer and Garrett have breached their fiduciary duties owed to the Trusts.

12. A declaratory order is hereby issued finding that Maurer and Garrett have engaged in prohibited transactions under ERISA.

13. A declaratory order is hereby issued finding that Maurer and Garrett are jointly and severally liable with the Defendant Corporations to reimburse the Trusts for all losses resulting from each such breach pursuant to Section 409(a) of ERISA, 29 U.S.C. § 1109(a), including the $243,045.76 in known delinquent contributions, interest, liquidated damages, and $4,450.00 covering the Plaintiffs' reasonably attorneys' fees and costs.

14. A declaratory order is hereby issued directing an accounting of all of the Defendant Corporations' delinquent contributions that have not been paid to the Trusts due to Maurer and Garrett's orders or direction, and an accounting of all losses suffered by the Trusts and their participants as a result of their fiduciary breaches and prohibited transactions, with costs of such accounting to be paid by Maurer and Garrett, should the Trusts determine that such an accounting is necessary.

15. A declaratory order is hereby issued directing Maurer and Garrett to pay to the Trusts all amounts required to recover the losses suffered by the Trusts and their participants, including all rights and benefits to which such participants were entitled to under the Trusts' plans of benefits, as a result of his breaches of fiduciary duty and prohibited transactions.

16. A declaratory order is hereby issued directing disgorgement of all ill-gotten gains by Maurer and Garrett, including employer contributions that have been wrongfully withheld from the Trusts.

17. The Trusts are hereby granted an award of post-judgment interest on all amounts owed by Maurer and Garrett hereunder, pursuant to 28 U.S.C. §1961.

6

18. This Court shall retain jurisdiction over this Case pending the Maurer's and Garrett's compliance with its orders.

**IT IS SO ORDERED**

Date: _12-2-13_                    _____
                                   Walter H. Rice
                                   United States District Judge