# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | | Case No. 3:13cv00283 |
| vs. | : | |
| | | District Judge Walter Herbert Rice |
| | : | Chief Magistrate Judge Sharon L. Ovington |
| G.M.A.B. LLC, *et al.*, | | |
| | : | |
| Defendants. | | |

# REPORT AND RECOMMENDATIONS[1]

Previously in this case the Court granted Plaintiffs' Motion for Default Judgment in the amount of $247,495.76.  (Doc. #18; Doc. #33, Exhibit A).  The case is presently pending upon Plaintiffs' Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust, and Annuity Trust's (Judgment Creditors') Complaint for Creditor's Bill (Doc. #33) and the record as a whole.  The Complaint seeks "a creditor's bill pursuant to Ohio Revised Code § 2333.01 upon the funds due or about to be due by Defendant RFC Contracting, Inc. to Defendant Colin M. Garrett ... and John Doe Corporation, which is any sole proprietorship, partnership, or corporate entity controlled by Garrett and owed funds by Defendant RFC

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Contracting, Inc." (Doc. #33, PageID at 349, ¶1).

In the absence of an Answer by Judgment Debtor to the Complaint for Creditor's Bill, and with no indication in the record to the contrary, Judgment Creditors' Complaint establishes:

> Judgment Debtor and other liable entities have failed to satisfy any portion of the Judgment or make any payments to the Judgment Creditors.
>
> On May 13, 2014, Judgment Creditors performed a Debtor Examination (Doc. #31) that revealed the Judgment Debtor does not have sufficient personal and real property to satisfy the Judgment entered against him in this case.
>
> The Debtor Examination further revealed that Judgment Debtor had been awarded a job in the Northmont City School District Early Childhood Learning Center with Defendant RFC Contracting, Inc. and that Defendant RFC Contracting, Inc. now owes funds to the Judgment Debtor and potentially a sole proprietorship, partnership, or corporate entity controlled by the Judgment Debtor for the work performed. Additionally, at the time they filed their Complaint for Creditor's Bill, the Judgment Creditors did not know the amount owed to the Judgment Debtor by Defendant RFC Contracting, Inc.

(Doc. #33, PageID at 349-50, ¶s 3-6).

Rule 69(a)(1) of the Federal Rules of Civil Procedure mandates, in pertinent part, "The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located ...." Consequently, Ohio Rev. Code § 2333.01 applies to the present situation. It provides:

> When a judgment debtor does not have sufficient personal or real property subject to levy on execution to satisfy the judgment, any equitable interest which he has in real estate as mortgagor, mortgagee, or otherwise, or any interest he has in a banking, turnpike, bridge, or other joint-stock company, or in a money contract, claim, or chose in action, due or to become due to him, or in a judgment or order, or money, goods, or effects which he has in the

2

possession of any person or body politic or corporate, shall be subject to the payment of the judgment by action.

"A creditor's bill action under R.C. 2333.01 is equitable in nature and is proper when a judgment debtor has insufficient real or personal property to levy on to satisfy the judgment, in which case other assets shall be subject to the payment of the judgment." *Gaib v. Gaib*, 14 Ohio App.3d 97, syllabus ¶1 (1983). Section "2333.01 permits a judgment creditor to secure a lien on assets in which a judgment debtor has an equitable interest – including a chose in action that represents a claim 'to become due' under the statute."[2] *In re Commercial Money Ctr., Inc., Equip. Lease Litig.*, MDL 1490, 2006 WL 2849735 at *7 (N.D. Ohio Oct. 3, 2006) (citations omitted); *see* Steven Chang, Collateral Damage: Insecurity Assets in the Rising Age of E-Commerce, 2 Case W. Reserve L. J. Tech. & Internet, 67, 87 (2011) ("In Ohio, in order to obtain a creditor's bill a claimant must typically show that the debtor does not have sufficient assets subject to levy on execution to satisfy a judgment. In other words, a creditor's bill is a remedy of last resort that may be exercised only when all other attempts to enforce the judgment have failed or are otherwise unavailable." (footnote omitted)).

The record in this case establishes that the Judgment Creditors' efforts to garnish

---

[2] "A chose in action 'includes the right to recover pecuniary damages for a wrong inflicted either upon the person or property. It embraces demands arising out of tort, as well as causes of action originating in the breach of contract.'" *Porter v. Household Fin. Corp. of Columbus*, 385 F. Supp. 336, 344 (S.D. Ohio 1974) (Kinneary, C.J.) (quoting, in part, *Cincinnati v. Hafer*, 49 Ohio St. 60, 65 (1892)).

Judgment Debtor's various assets have proved fruitless or have not generated anywhere close to the amount Judgment Debtor owes on the Judgment. (Doc. #s 49, 63, 65, 66, 67). In light of this and the circumstances described above, *supra*, p.2, Judgment Creditors have established they are entitled to the relief they seek under Ohio Rev. Code §2333.01.

## IT IS THEREFORE RECOMMENDED THAT:

The Court grant Judgment Creditors the following Relief:

1. A Judgment ordering that Defendant RFC Contracting, Inc. be enjoined from paying or delivering to the Defendant Colin M. Garrett, and any sole proprietorship, partnership, or corporate entity controlled by Mr. Garrett, any monies, goods, effects, assets, interest and/or properties due and owing to them, until such time as Judgment Creditors' Judgment and court costs accrued are paid in full.

2. A Judgment ordering that Defendant Colin M. Garrett, and any sole proprietorship, partnership, or corporate entity controlled by Mr. Garrett, be enjoined from receiving any monies, goods, effects, assets, interest and/or properties due and owing them from Defendant RFC Contracting, Inc., until such time as Judgment Creditors' Judgment and court costs accrued are paid in full.

3. A Judgment ordering Defendant Colin M. Garrett, and any sole proprietorship, partnership, or corporate entity controlled by Mr. Garrett, to pay and apply upon the Judgment all monies, goods, effects, assets, interest and properties due and to become due and payable as may be necessary to fully satisfy such Judgment.

4. Such other relief as the Court may deem equitable and just under the circumstances.

    5.       This Court retain jurisdiction over this Case pending the Defendants' compliance with its orders.

August 19, 2014

                                            s/Sharon L. Ovington
                                            Sharon L. Ovington
                              Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).