## UNITED STATES DISTRICT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST**, *et al.*, | CASE NO. 3:13-CV-00283 |
| Judgment Creditors, | DISTRICT JUDGE WALTER H. RICE |
| v. | MAGISTRATE JUDGE SHARON L. OVINGTON |
| **G.M.A.B. LLC**, *et al.*, | |
| Judgment Debtors. | |

## REPORT AND RECOMMENDATIONS[1]

In light of the clear and convincing evidence presented during the in-court hearing on October 5, 2016 by Judgment Creditors Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust, Iron Workers District Council of Southern Ohio & Vicinity Pension Trust, and Iron Workers District Council of Southern Ohio & Vicinity Annuity Trust (the Trusts), including the testimony given by Defendant Colin M. Garrett, the undersigned Judicial Officer finds that Defendant Colin M. Garrett has purposefully and knowingly violated this Court's creditor's bill issued on September 8, 2015. As a result of his violation of this Court's definite and specific order, Colin M. Garrett is in civil contempt of this Court. As a result of this contempt finding, **IT IS HEREBY RECOMMENDED THAT:**

    A. Defendant Colin M. Garrett be ordered to perform the following acts,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

1

with the failure to do so punishable by further contempt findings issued by this Court:

1.  Defendant Garrett be **ORDERED** to pay all reasonable attorney fees and costs incurred by the Trusts as a result of bringing their Motion to Show Cause as well as any other collection activities performed on behalf of the Trusts to collect the amounts he owes. The Trusts be ordered to file a Motion for Attorney Fees to determine the exact amount of reasonable attorney fees Defendant Garrett owes.

2.  Defendant Garrett be **ORDERED** to submit to the Trusts and this Court an affidavit within ten (10) days of the issuance of the order described above and, thereafter, by the first (1st) day of each month until this Court's December 2, 2013, judgment is satisfied.  His affidavit shall include the following information:

    a.  The name and address of all companies controlled, owned, organized, or run by Colin M. Garrett;

    b.  A list of all property (real or personal) owned by Colin M. Garrett or any companies controlled, owned, organized, or run by Colin M. Garrett, including but not limited to any steel, materials (raw or finished), equipment, and any other thing of value;

    c.  A list of all banks, credit unions, or other financial industry companies with which Colin M. Garrett or any companies controlled, owned, organized, or run by Colin M. Garrett has done

2

business within the last three (3) years;

  d. A copy of all checks or other payments received from or sent to Colin M. Garrett or any companies controlled, owned, organized, or run by Colin M. Garrett;

  e. The name and address of all projects on which Colin M. Garrett or any companies controlled, owned, organized, or run by Colin M. Garrett are working on, providing supplies for, or in any way aiding in the construction of in the last three (3) years, as well as the name and address of the project owner; the project's general contractor; the entity hiring or contracting with Colin M. Garrett or any companies controlled, owned, organized, or run by Colin M. Garrett; and the date work was first and last performed on the project; and

  f. The name and address of all persons, partnerships, or corporate entities which have employed or contracted with Colin M. Garrett or any companies controlled, owned, organized, or run by Colin M. Garrett in the last three (3) years and the beginning and end date of said employment or contracting.

3. Colin M. Garrett be **ORDERED** to permit an agent, representative, or official of the Trusts to inspect any property owned or project worked on by Colin M. Garrett or any companies controlled, owned, organized, or run by Colin M. Garrett, within three (3) days that notice is mailed to Mr.

Garrett at 501 Gray Ave. Suite 1-A, Greenville, OH 45331.

4. Colin M. Garrett be **ORDERED** to give notice to the Trusts (and its legal counsel) before he or any companies controlled, owned, organized, or run by Colin M. Garrett bids on or commences work on any building and/or construction project, or on any other venture for pay, of the following:

   a. The full legal names of the party that Colin M. Garrett or any companies controlled, owned, organized, or run by Colin M. Garrett is contracting with;

   b. The full legal name and address of the general contractor on the project;

   c. The name of the project;

   d. The full legal name and address of the owner of the project;

   e. The physical location of the project;

   f. A copy of the bid submitted;

   g. A copy of the notice of commencement;

   h. A copy of any payment bond covering work performed by Colin M. Garrett or any companies controlled, owned, organized, or run by Colin M. Garrett; and

   i. A copy of all checks or payments exchanged between the parties.

February 15, 2017                     *s/Sharon L. Ovington*
                                      Sharon L. Ovington
                                      United States Magistrate Judge

4

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).