# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFT TRUST, *et al.*, | : : : : : | Case No. 3:13-cv-00283 District Judge Walter H. Rice Magistrate Judge Sharon L. Ovington |
| Judgment Creditors, | : : | |
| vs. | : : | |
| G.M.A.B. LLC, *et al.*, | : : | |
| Judgment Debtors. | | |

# REPORT AND RECOMMENDATIONS[1]

Colin M. Garrett owes reasonable attorney fees and costs. This much is certain due to his civil contempt. (Doc. #158).[2] What is uncertain is whether the amounts the Judgment Creditors seek—$47,206.38 in attorney fees; $2,449.00 in costs—are reasonable. This reasonableness issue arises by way of Judgment Creditors' presently pending Motion for Reasonable Attorneys' Fees and Costs, which is accompanied by their counsel's billing statement. (Doc. #160). Garrett has not responded this Motion.

"The starting point for determining the amount of a reasonable attorney fee is the 'lodestar' amount, which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Imwalle v. Reliance Medical*

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

[2] S*ee Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716 (6th Cir. 1996) (affirming imposition of reasonable attorney fees and expenses caused by civil contempt).

*Products, Inc.*, 515 F.3d 531, 551 (6th Cir. 2008) (citing, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "Where … the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled." *Id.* at 552 (citing *Pennsylvania v. Del. Valley Citizens Council for Clean Air,* 478 U.S. 546, 564 (1986)).

Attorneys should exercise "billing judgment" when documenting the number of hours they have worked for their client. *Imwalle*, 515 F.3d at 552 (citation omitted). "The key requirement for an award of attorney fees is that '[t]he documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation.'" *Id.*, 515 F.3d at 553 (quoting, in part, *United Slate, Local 307 v. G & M Roofing & Sheet Metal Co*., 732 F.2d 495, 502 n.2 (6th Cir. 1984)). "Although counsel need not 'record in great detail' each minute he or she spent on an item, 'the general subject matter should be identified.'" *Imwalle*, 515 F.3d at 553 (citations omitted).

The undersigned has reviewed each billing entry set forth in Judgment Creditors' attorneys' billing statement. A few initial observations are warranted: Each billing entry identifies the attorney who performed the work; describes the work he performed; and identifies the date counsel did the work, the number of billable hours the work took (in one-quarter hour increments), the attorney's hourly rate, and the total billable amount.

The dates listed in the billing entries begin with the date, 4/24/2014, on which counsel drafted a motion for attorney fees and performed related work. (Doc. #160, *PageID* #1238). This was the correct date on which to begin documentation of Judgment Creditors' present attorney fees because when the Court granted that previous motion for attorney fees, the resulting award did not include attorney fees for the work counsel performed on the April 24, 2014 motion itself. This is seen in the last entry—dated April 21, 2014—in the billing records counsel submitted in support of their motion. *See* Doc. # 29, *PageID* #327; *see also* Doc. #35. By starting their present billing entries on April 24, 2014 and continuing thereafter, counsel are not seeking double recovery of attorney fees previously awarded.

The hourly rates each counsel charges, $200.00 and $225.00, are consistent with prevailing market rate in this geographic area and are therefore reasonable. *See Northeast Ohio Coalition for the Homeless v. Husted*, 831 F.3d 686, 715 (6th Cir. 2016); *see also Hunter v. Hamilton County Bd. of Elections,* 2013 WL 5467751, at *17–18 (S.D. Ohio Sept. 30, 2013); The Economics of Law Practice in Ohio in 2013, Ohio State Bar Association, Exhibit 46.[3]

Each counsel's descriptions of the work he performed identify the general subject matter of the work and frequently add specific information about particular tasks performed. Their descriptions identify work that was necessary, if not essential, to counsel's representation of Judgment Creditors in this litigation against Collin Garrett.

---

[3] Available at https:www.ohiobar.org (search for: OSBA 2013 economic of law practice in Ohio).

The only exceptions to this concerned work counsel performed in relation to a criminal matter directed against Judgment Debtor Gary Maurer alone. Such work was not incurred in, or reasonably related to, the Judgment Creditors' instant case against Collin Garrett. Consequently, Garrett should not be charged with the amount of attorney fees for work counsel performed on the following dates will be deducted from Judgment Creditors' total requested attorney fees:

| Date | Amount |
|---|---|
| 9/25/2015 | 225.00 |
| 1/25/2016 | 112.50 |
| 2/1/2016 | 100.00 |
| 2/3/2016 | 56.25 |
| 3/1/2016 | 56.25 |
| 3/24/2016 | 56.25 |
| 3/25/2016 | 506.25 |
| 8/24/2016 | 56.25 |
| 11/21/2016 | 56.25 |
| 1/19/2017 | 56.25 |
| **TOTAL** | **$1,281.25** |

Next, the amount of time counsel spent working on the tasks described in each billing entry was neither redundant nor excessive. Instead, the relatively short lengths of time counsel worked on the tasks identified demonstrate that they worked in an efficient manner and that they exercised reasonable billing judgment. Only a single problem exists. Counsel's billing entry on 6/6/2016 indicates that it took counsel one-half hour to review an "ECF order granting motion to show cause again various parties; re GMAB (litigation)." (Doc. #160, *PageID* #1254). This ECF entry, however, was very short and the Order granting the motion to show cause was also short—well under two pages. *See* Doc. #146. Assuming counsel reviewed both, it should have taken him far less than one-

4

half hour.  This entry will therefore be reduced to .25 hours, leaving a total reasonable billable amount of $56.25 ($225 x .25 = $56.25) on 6/6/2106.

As to costs, the amounts, including the total amount ($2,449.00), set forth in counsel's billing statement are reasonable.

Accordingly, Judgment Creditors' Motion for Reasonable Attorney Fees and Costs is well taken with the exception of a reduction of $1,337.50 ($1,281.25 + $56.25 = $1,337.50).  This leaves a reasonable amount of attorney fees equaling $45,868.88 ($47,206.38 – $1,337.50 = $45,868.88) plus $2,449.00 in costs, totaling $48,317.88.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Judgment Creditors Motion for Reasonable Attorney Fees and Costs (Doc. #160 be granted, in part, and denied, in part; and

2. The reasonable amount of judgment creditors' attorney fees and costs be set at $48,317.88.


April 26, 2017*s/Sharon L. Ovington*
Sharon L. Ovington
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).